UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGIE NOVY,

      Plaintiff,

v.

                                     Case No. 8:26-cv-1429-MSS-SPF

LAKE COUNTY SHERIFF'S OFFICE,
*et al.*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1), Amended Complaint (Doc. 6), and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied, the Amended Complaint dismissed, and the case closed.

**I.     Background**

In her Complaint for Violation of Civil Rights (Non-Prisoner Complaint) – a collection of handwritten and typed pages attached to a Form Pro Se 15 (Doc. 1) – *pro se* Plaintiff Angie Novy sues a far-reaching collection of state and local government defendants: Lake County Sheriff's Office, Illinois Secretary of State, Georgia Department of Driver Services, Blue Ridge Police Department, Elijay Police Department, Henry County Police Department, Tampa Police Department, Hillsborough County Sheriff's Office, Galveston Police Department, Clearwater Police Department, Miami Police Department, Orlando Police Department, Georgia State Patrol, Knoxville Police Department, Newton County Sheriff's

Office, Conyers Police Department, Atlanta Police Department, MARTA Police Department, Houston Police Department, and the Indiana State Police. In her Amended Complaint (Doc. 6), Plaintiff appears to add the Adel Police Department, the Dalton Police Department, and the Rome Police Department as Defendants (*Id*. at 6).

Without tying her allegations of civil rights abuses to any particular Defendant, Plaintiff claims that she has been a victim of police brutality, racial profiling, assault, false police reports, illegal traffic stops, and unlawful intimidation tactics (*Id*. at 1-5). In her initial Complaint (Doc. 1), Plaintiff asks the Court to permit her to select bodyguards in each of six states (Illinois, Texas, Georgia, Florida, Tennessee, and Indiana), because she is "in consent [sic] fear [of] being forced to be around these Democrats who have went through great lengths to put my life in grave danger." (*Id*. at 11). In her Amended Complaint (Doc. 6), she does not request specific relief, but, lumping together all Defendants, she alleges: "As it has been stated among these lunatic Democrats that I am the slave that got away. And they meaning law enforcement throughout six states that are heavenly stronghold Democrat went after me as an easy prey and target." (*Id*. at 2). She appears to allege that law enforcement is targeting her in a string of unlawful traffic stops. "[T]hese lunatic Democrats trying to play games and stop me from being able to be legal on the road . . . I yet again had been the subject of the lunatic Democrats trying to run me off of the roads and Highways where I yet again had to reach out to the FBI[.]" (*Id*. at 3).

## II.    Legal Standard

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must

2

review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[1] Where a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories are without merit, the court may conclude that the case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

Dismissal is also appropriate if, upon review, the complaint is found to lack subject matter jurisdiction. *Cafaro v. Wyllins*, 2010 WL 3747868, at *1 (M.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 3747837 (M.D. Fla. Sept. 22, 2010). Finally, in reviewing a complaint, courts hold pro se pleadings to a less stringent standard and therefore construe them more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.    Analysis

Plaintiff appears financially eligible to proceed *in forma pauperis*. Although she receives $909.00 per month in disability benefits, this income is completely offset by her monthly expenses (Doc. 2). She has only $100.00 in cash or in the bank (*Id.*). Despite Plaintiff's indigency, the undersigned recommends that the district judge dismiss her claims with prejudice.

#### A.  Failure to State a Claim

Construing the Amended Complaint (Doc. 6) in the light most favorable to Plaintiff, she attempts to allege civil rights abuses by the Defendant government agencies. Her Amended Complaint is one six-page, single-spaced paragraph with very little punctuation and

zero grammatical structure.  It is a stream-of-consciousness retelling of Plaintiff's numerous encounters with law enforcement over years and across states and localities.  Plaintiff concludes that "lunatic Democrats" have infiltrated the Defendant agencies and are conspiring to harm her.  Missing from the Amended Complaint is even scant information about how these alleged occurrences violated Plaintiff's civil rights and under what legal authority she purports to sue.  Plaintiff's Amended Complaint fails to state a claim for relief.

### B.  Subject Matter Jurisdiction

Neither does the Amended Complaint provide sufficient support for the Court's subject matter jurisdiction.  Actions brought pursuant to the United States Constitution, federal statutes, or treaties enjoy federal question jurisdiction in federal court.  28 U.S.C. § 1331.  On the other hand, a court can exercise diversity jurisdiction where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  "When jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states."  *Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979).  In other words, no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  However, when an action is brought under the United States Constitution or federal law, a court may exercise supplemental jurisdiction over state law claims in the same case if those claims arise from the same conduct and circumstances as the federal claims, and thus form part of the same case or controversy. 28

U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Palmer v. Hosp. Auth. Of Randolph Cnty.*, 22 F.3d 1559, 1567-69 (11th Cir. 1994).

Plaintiff's Amended Complaint makes no viable claim under federal law that could give rise to federal question jurisdiction. She does not cite a federal statute or provision of the United States Constitution in support of her claims. Neither does she satisfy diversity of citizenship. Plaintiff does not specifically allege the citizenship of any of the parties. While Plaintiff lists a Valrico, Florida address, it is unclear whether she is a Florida citizen. Additionally, five of the Defendant police departments are in Florida and are, therefore, Florida citizens. This destroys diversity jurisdiction. As alleged, there is no federal subject matter jurisdiction.

### C. Pleading Deficiencies

Finally, the Amended Complaint is an impermissible shotgun pleading. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, No. 2:22-cv-600-JES-KCD, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022). A shotgun pleading is a type of pleading that is not allowed, even from *pro se* plaintiffs. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Four basic types of shotgun pleadings violate Rules 8(a), 10(b), or both: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts;

(2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id*. at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (citation omitted). Consequently, the Eleventh Circuit has said that a shotgun complaint may be dismissed "on that basis alone." *Id*.

Plaintiff's Amended Complaint contains characteristics of the latter three categories of shotgun pleadings. Its allegations are conclusory, vague, and immaterial, and not obviously connected to any particular cause of action. Plaintiff offers no indication of the relevance or context of her allegations or how they form the basis of a claim. And she sues multiple Defendants without connecting each Defendant to a cause of action. In other words, Plaintiff does not give Defendants adequate notice of the claims against them and the grounds upon which the claims rest. *Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016).

The fact that Plaintiff is proceeding *pro se* does not excuse her failure to comply with the basic pleading requirements set forth in Rules 8 and 10. *McNeil v. United States*, 508 U.S.

106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam) (noting that, while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

### IV.    Conclusion

The undersigned recommends that Plaintiff's Amended Complaint (Doc. 6) be dismissed with prejudice. Although *pro se* parties are often entitled to the opportunity to amend their complaints before dismissal, Plaintiff's claims do not appear amendable. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal."); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted). The Court lacks subject matter jurisdiction over Plaintiff's claim.

For these reasons, the Court **RECOMMENDS:**

1. Plaintiff's Amended Complaint (Doc. 6) be dismissed with prejudice.

2. Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) be denied.

**IT IS SO REPORTED** in Tampa, Florida, on May 18, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

8

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.